UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY FANFAN,<br><br>                              Plaintiff,<br><br>     -against-<br><br>MCC; FBOP; ROBERT BEAUDOUIN MD; JOAQUIN Y, MLP; CHERYL ANCRUM DDS; DR. DANIEL KAUFMAN; LOPEZ HYGOR NRP; SINGH MANDEEP PA.C,<br><br>                              Defendants. | 21 Civ. 00704 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

## I.  BACKGROUND

WHEREAS, Plaintiff, currently incarcerated in the Metropolitan Correctional Center ("MCC"), brings this *pro se* action under the Court's federal question jurisdiction, alleging that he has been denied adequate medical care.  Dkt. No. 2.

WHEREAS, by Order dated January 29, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]  Dkt. No. 4.

## II.  STANDARD OF REVIEW

WHEREAS, the Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Harnage v. Lightner*, 916

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

F.3d 138, 140 n.1 (2d Cir. 2019).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

  WHEREAS, the Court is obliged to construe *pro se* pleadings liberally and interpret them to raise the strongest claims that they suggest.  *Costabile v. N.Y.C. Health and Hosp. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("There are many cases in which we have said that a *pro se* litigant is entitled to special solicitude; that a *pro se* litigant's submissions must be construed liberally; and that such submissions be read to raise the strongest arguments that they suggest." (internal quotation marks and citations omitted)).  But this "special solicitude" in *pro se* cases, *Triestman*, 470 F.3d at 477, has its limits -- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

  WHEREAS, the Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Id.* at 556.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible -- not merely possible -- that the pleader is entitled to relief.  *Id.*

### III. SOVEREIGN IMMUNITY

WHEREAS, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are [] barred under the doctrine of sovereign immunity, unless such immunity is waived."); *accord Jean v. U.S. Equal Emp. Comm'n*, No. 20 Civ. 9773, 2020 WL 7321057, at *1 (S.D.N.Y. Dec. 3, 2020).

WHEREAS, under the doctrine of sovereign immunity, the MCC and the Federal Bureau of Prisons ("BOP") are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). It is hereby

**ORDERED** that, Plaintiff's claims against the MCC and the BOP are **DISMISSED**.

### IV. FEDERAL TORT CLAIMS ACT

WHEREAS, the Court construes the Complaint as asserting a claim for money damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, because Plaintiff asserts that Defendants were negligent in providing medical treatment.

WHEREAS, the FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. *See* § 1346(b)(1). The only proper defendant for an FTCA claim is the United States of America. *See* § 1346(e); *see, e.g.*, *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020) ("Under the FTCA, the United States is liable for the negligent acts of federal employees acting in the scope of their employment.").

WHEREAS, an FTCA claimant must exhaust his administrative remedies before filing suit in federal court by: (1) filing a claim for money damages with the appropriate federal government entity and (2) receiving a final written determination from that agency. *See* 28

U.S.C. § 2675(a); *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019) ("[P]laintiff likewise bears the burden of showing that she exhausted her administrative remedies by presenting her claim to the appropriate federal agency before filing suit."). FTCA claims must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" and an FTCA action must be commenced within six months of when the agency issues its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Fam. Health Ctr., Inc.*, No. 17 Civ. 7325, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018) (citing 28 U.S.C. § 2401(b)). This exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *accord Cotto v. Fed. Bureau of Prisons*, No 20 Civ. 3011, 2020 WL 2036700, at *2 (S.D.N.Y. Apr. 28, 2020).

WHEREAS, there are no facts in the Complaint suggesting that Plaintiff filed an FTCA claim with the BOP for money damages, or that he received a final written determination from the BOP. It is hereby

**ORDERED** that, Plaintiff's FTCA claim is **DISMISSED** without prejudice to Plaintiff's filing an action asserting an FTCA claim against the United States after he has exhausted his administrative remedies.

V.   *BIVENS* **CLAIMS**

WHEREAS, Because Plaintiff alleges that employees of the federal government violated his constitutional rights, his claims are construed as arising under *Bivens v. Six Unknown Named Agents of FBI*, 403 U.S. 388, 389-90 (1971) (considering whether a complaint stated a federal cause of action under the Fourth Amendment for damages, where the complaint alleged agents of the Federal Bureau of Narcotics, acting under color of federal law, made a warrantless entry); *see Iqbal*, 556 U.S. at 675-76 ("[*Bivens*] is the federal analog to suits brought against state officials under [] 42 U.S.C. § 1983.") (internal citation omitted).

WHEREAS, to state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution.  *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389); *accord Dubois v. City of White Plains*, 16 Civ. 07771, 2018 WL 6025868, at *3 (S.D.N.Y. Nov. 16, 2018).

WHEREAS, *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations.  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty*, 789 F.3d 218, 233 (2d Cir. 2015) (citing *Iqbal*, 556 U.S. at 676-77).  A plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation.  *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in [the] alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted); *accord Nguedi v. Caulfield*, 813 F. App'x 1, 3 (2d Cir. 2020) (summary order) (affirming dismissal of claims brought against a former police commissioner for failure to allege personal involvement).  A defendant may not be held liable under *Bivens* solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").  Rather, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

WHEREAS, the Eight Amendment protects federal pretrial detainees from deliberate indifference to their serious medical needs.  *See Charles v. Orange Cnty.*, 925 F.3d 73, 85 (2d

5

Cir. 2019).  To state a claim for inadequate medical care, a plaintiff must plead facts showing that (1) the deprivation of medical care is objectively "sufficiently serious" in light of a medical condition "that may produce death, degeneration, or extreme pain"; and (2) the defendant-official "knew . . . or should have known that failing to provide the omitted medical treatment would pose a substantial risk to detainee's health."  *Id.* at 86-87.

WHEREAS, with the exception of Dr. Kaufman, Plaintiff does not allege how the other Defendants were personally involved in the events giving rise to this Complaint.  Plaintiff alleges that Lopes Hygor administered the "wrong medication," and he attaches to the Complaint a document referring to Cheryl Ancrum as Plaintiff's "provider" and Robert Beaudouin as the "review[er]" of Plaintiff's medical record.  These facts are insufficient to state a claim against Lopes Hygor, Cheryl Ancrum or Robert Beaudouin.  In addition, the Complaint does not set forth any allegations against Joaquin Y. or Singh Mandeep.  *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (citations omitted).  It is hereby

**ORDERED**, that by **March 12, 2021**, if Plaintiff has additional facts that he believes will sustain claims against these named Defendants, Plaintiff may file a letter asking to replead and attach a proposed complaint.  Failure to file the letter with a proposed amended complaint will result in the dismissal of claims against Lopes Hygor, Cheryl Ancrum, Robert Beaudouin, Joaquin Y. and Singh Mandeep.

### VI. *VALENTIN* ORDER

WHEREAS, under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997); *accord Genao v. City of New York*, No. 20 Civ. 8721, 2020 WL 7360650, at *1 (S.D.N.Y. Dec. 15, 2020).

WHEREAS, in the Complaint, Plaintiff supplies sufficient information to permit the United States Attorney for the Southern District of New York to identify Dr. Daniel Kaufman.[2] Dkt. No. 2.  It is hereby

**ORDERED** that, the United States Attorney for the Southern District of New York, who is the attorney for and agent of the BOP, shall ascertain the service address for Dr. Kaufman, and provide this information to Plaintiff and the Court **within sixty days of the date of this Order**. Thereafter, the Court will issue an order directing the Clerk of Court to complete a USM-285 form with the address for Dr. Kaufman and deliver all documents necessary to effect service on Dr. Kaufman to the U.S. Marshals Service.

### VII. CONCLUSION

The Court dismisses without prejudice Plaintiff's claims against MCC and BOP.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[2] Private doctors can be federal actors depending on their relationship with a prison facility. *Cf. West v. Atkins*, 487 U.S. 42, 56 (1988) ("Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner.  Contracting out prison medical care . . . does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights."); *Iqbal*, 556 U.S. at 675 (noting that *Bivens* "is the federal analog to suits brought against state officials under [] 42 U.S.C. § 1983.") (internal citation omitted). The exact nature of Dr. Kaufman's relationship with MCC is not clear. *Cf. Young v. Smith*, No. 07 Civ. 6312, 2008 WL 4561605, at *4 (W.D.N.Y. Oct. 10, 2008) (denying motion to dismiss because the terms of the relationship between the physician and the State would be clarified during discovery).  Should Plaintiff file an amended complaint asserting federal claims against the other named defendants, Plaintiff could arguably assert state law negligence claims against Dr. Kaufman.

The Court dismisses without prejudice Plaintiff's *Bivens* claims against Robert Beaudouin, Joaquin Y., Cheryl Ancrum, Lopes Hygor and Singh Mandeep. By March 12, 2021, Plaintiff shall file any letter asking to replead and shall attach a proposed amended complaint providing facts that explain how these defendants were personally involved in violating his constitutional rights.

The Court directs the Clerk of Court to mail a copy of this Order and the Complaint to the Civil Division of the Office of the United States Attorney for the Southern District of New York at 86 Chambers Street, 3rd Floor, New York, New York 10007.

The Court further directs the Clerk of Court to mail a copy of this Order to Plaintiff and note service on the docket. An amended complaint form is attached.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue); *accord United States v. Kosic*, 944 F.3d 448, 449 (2d Cir. 2019).

SO ORDERED.

Dated:   February 16, 2021
         New York, New York

                                             _____
                                             **LORNA G. SCHOFIELD**
                                             **UNITED STATES DISTRICT JUDGE**