```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
JIMMY FANFAN,                               :
                        Plaintiff,          :
                                            :       21 Civ. 704 (LGS)
            -against-                       :
                                            :          ORDER
M.C.C., et al.,                             :
                        Defendants.         :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 4, 2022, Defendant Joaquin moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 36 and 37.)

WHEREAS, Defendant Joaquin has asked the Court to consider information outside of the pleadings. In particular, Defendant Joaquin attached to its motion papers materials concerning Plaintiff's efforts to exhaust his administrative remedies in 2020 and 2022. (*See* Dkt. Nos. 38, 47, 48.)

WHEREAS, an inmate in the custody of the Federal Bureau of Prisons ("BOP") may show exhaustion of his administrative remedies by showing that he has complied with a four-step process. *See generally* 28 C.F.R. § 542. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt resolution of her complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. *See* 28 C.F.R. § 542.13(a). The form utilized at this stage is referred to as a "BP-8." If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden on a "BP-9" form within 20 days of the event that triggered the inmate's complaint. *See* 28 C.F.R. § 542.14(a)). If the inmate's formal request is denied, the inmate may submit an appeal ("BP-10") to the appropriate Regional Director of BOP. *See* 28 C.F.R. § 542.15(a)). A negative

decision from the Regional Director in turn may be appealed by submitting a form "BP-11" to the BOP General Counsel's office (in the BOP Central Office) within 30 days of the Regional Director's decision.  No administrative remedy appeal is considered finally exhausted until it is considered by BOP's Central Office.  *See* 28 C.F.R. §§ 542.14, 542.15.

WHEREAS, as relevant here, compliance with this four-step process is excused if the administrative steps were unavailable because "'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Saeli v. Chautauqua Cnty., NY*, 36 F.4th 445 (2d Cir. 2022) (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016).

WHEREAS, on May 12, 2022, Plaintiff filed a motion for the appointment of counsel. (Dkt. No. 54.)  It is hereby

**ORDERED** that Defendant Joaquin's motion to dismiss will be converted to a motion for summary judgment on the issue of administrative exhaustion under the Prison Litigation Reform Act ("PLRA").  Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," provided that the parties have "reasonable opportunity to present all the material that is pertinent to the motion." *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (A "reasonable opportunity" generally requires a district court to "give notice to the parties before converting a motion.") (internal quotation marks omitted); *accord Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 295 (S.D.N.Y. 2018).  It is further

**ORDERED** that, by **August 5, 2022**, if Plaintiff chooses to oppose the motion for summary judgment, Plaintiff shall file evidence, along with any accompanying supplemental

briefing, not to exceed five (5) double-spaced pages, in opposition. He must provide evidence that he has completed the four-step process outlined above or that such completion is excused as described above. If Plaintiff chooses not to oppose the motion, summary judgment likely will be granted and the case closed.

Plaintiff is advised that he cannot oppose Defendant Joaquin's motion simply by relying on allegations in the Amended Complaint. Rather, Plaintiff must submit *evidence* countering the facts asserted by Defendant Joaquin. Such evidence shall be in the form of (1) sworn witness statements (from Plaintiff or others) that state "sworn to under penalty of perjury" and signed in the presence of a notary or (2) documents accompanied by a similar sworn witness statement identifying the document and any relevant facts about it. This evidence may include a sworn statement under penalty of perjury signed before a notary, explaining the circumstances surrounding Plaintiff's efforts to exhaust his administrative remedies, and any related documentary evidence. Plaintiff is advised that anyone who makes any untruthful or misleading statement under oath may be prosecuted for perjury or making a false statement. It is further

**ORDERED** that Defendant Joaquin may file any additional evidence in support of summary judgment, along with any accompanying supplemental briefing, not to exceed five (5) double-spaced pages, in support of summary judgment by **August 16, 2022**. It is further

**ORDERED** that Plaintiff's motion for the appointment of pro bono counsel is **DENIED** without prejudice. The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Courts instead have broad discretion when deciding whether to grant an indigent litigant's request for *pro bono* representation. Even if a court

believes that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Courts do not have funds to pay counsel in civil matters and must find counsel who are willing to volunteer their services. Applications for *pro bono* counsel must be granted sparingly, and with consideration of the public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

To qualify for pro bono counsel, a litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. See *Hodge*, 802 F.2d at 61-62; *accord McCaffrey v. Gatekeeper USA, Inc.*, No. 14 Civ. 493, 2022 WL 2358474, at *2 (S.D.N.Y. June 30, 2022). The litigant also must demonstrate that the claim "seems likely to be of substance," "a requirement that must be taken seriously." *Hodge*, 802 F.2d at 60-61.

Defendant Joaquin's submissions in support of the motion to dismiss and Plaintiff's statements at the January 24, 2022, conference strongly suggest that Plaintiff has not exhausted available administrative remedies, as required by the PLRA. Accordingly, the Amended Complaint is not "likely to be of substance." *Hodge*, 802 F.2d 61-62. If the case survives until the time of trial, Plaintiff may renew his request for pro bono counsel then.

The Clerk of Court is respectfully directed to mail a copy of this Order to Pro se Plaintiff and to close the motions at Dkt. No. 54.

Dated: July 6, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE