UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                  :
JIMMY FANFAN,                                     :
                              Plaintiff,          :         21 Civ. 704 (LGS)
                                                  :
              -against-                           :         ORDER
                                                  :
M.C.C., et al.,                                   :
                              Defendants.         :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 25, 2021, Plaintiff initiated this action.  On February 16, 2021,

the Court construed the Complaint as asserting a *Bivens* claim and a claim under the Federal Tort

Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, and dismissed Plaintiff's claims against the M.C.C.

and the Bureau of Prisons ("BOP").  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

WHEREAS, on May 18, 2021, Plaintiff filed a letter, which the Court construed together

with the original Complaint as the Amended Complaint on August 13, 2021, and directed

Defendants Joaquin and Kaufman to answer.

WHEREAS, on November 18, 2021, Defendant Joaquin submitted a pre-motion letter in

anticipation of a motion to dismiss, arguing that the Amended Complaint should be dismissed

because Plaintiff failed to exhaust the BOP's administrative remedies before filing suit.

WHEREAS, on January 24, 2022, the Court held a conference to discuss Defendant

Joaquin's proposed motion.

WHEREAS, on February 4, 2022, Defendant Joaquin moved to dismiss the Amended

Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant Joaquin's motion to dismiss asked the Court to consider information outside of the

pleadings.  In particular, Defendant Joaquin attached to his motion papers materials concerning

Plaintiff's efforts to exhaust his administrative remedies in 2020 and 2022.

WHEREAS, on April 29, 2022, Plaintiff filed a letter informing the Court of his renewed efforts to exhaust his administrative remedies.  On May 10, 2022, Defendant Joaquin filed a response, arguing that Plaintiff's renewed efforts did not cure his prior failure to exhaust his administrative remedies.

WHEREAS, on July 6, 2022, the Court converted Defendant Joaquin's motion to dismiss to a motion for summary judgment on the issue of administrative exhaustion under the Prison Litigation Reform Act ("PLRA") pursuant to Federal Rule of Civil Procedure 12(d).  *See* Fed. R. Civ. P. 12(d) ("[I]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," provided that the parties have "reasonable opportunity to present all the material that is pertinent to the motion."); *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (A "reasonable opportunity" generally requires a district court to "give notice to the parties before converting a motion.").  The Court's July 6, 2022, Order permitted Plaintiff to file any evidence, along with any supplemental briefing, by August 5, 2022, and permitted Defendant Joaquin to file any additional evidence and supplemental briefing by August 16, 2022.

WHEREAS, no such briefing was filed.

WHEREAS, summary judgment is appropriate where the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable

inferences in the nonmoving party's favor. *In re "Agent Orange" Prod. Liab. Litig* ., 517 F.3d

76, 87 (2d Cir. 2008); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

WHEREAS, the PLRA provides that "[n]o action shall be brought with respect to prison

conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). "The PLRA requires 'proper exhaustion' of administrative

remedies, meaning exhaustion in 'compliance with an agency's deadlines and other critical

procedural rules.'" *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v.*

*N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 81 (2d Cir. 2021).

WHEREAS, "failure to exhaust is an affirmative defense under the PLRA." *Jones v.*

*Bock*, 549 U.S. 199, 216 (2007); *Walker v. Schult*, No. 20-2415, 2022 WL 3364001, at *9 (2d

Cir. Aug. 16, 2022). "Because failure to exhaust is an affirmative defense, . . . defendants bear

the initial burden of establishing, by pointing to 'legally sufficient source[s]' such as statutes,

regulations, or grievance procedures, that a grievance process exists and applies to the underlying

dispute." *Saeli v. Chautauqua Cnty., NY*, 36 F.4th 445, 453 (2d Cir. 2022). If a plaintiff asserts

that he has exhausted his administrative remedies, defendants bear the ultimate burden of proving

that the plaintiff has not complied with the steps laid out in the grievance policy. *See id.* at 456

n.6.

WHEREAS, Defendant Joaquin has submitted sufficient evidence to show that Plaintiff

did not exhaust his administrative remedies prior to filing this action, as required by the PLRA.

An inmate in the custody of the Federal Bureau of Prisons ("BOP") may exhaust his

administrative remedies by complying with a four-step process. *See generally* 28 C.F.R. § 542.

In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt

3

resolution of her complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue.  *See* 28 C.F.R. § 542.13(a).  The form utilized at this stage is referred to as a "BP-8."  If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden on a "BP-9" form within 20 days of the event that triggered the inmate's complaint.  *See* 28 C.F.R. § 542.14(a).  If the inmate's formal request is denied, the inmate may submit an appeal ("BP-10") to the appropriate Regional Director of BOP.  *See* 28 C.F.R. § 542.15(a).  A negative decision from the Regional Director in turn may be appealed by submitting a form "BP-11" to the BOP General Counsel's office (in the BOP Central Office) within 30 days of the Regional Director's decision.  No administrative remedy appeal is considered finally exhausted until it is considered by BOP's Central Office.  *See* 28 C.F.R. §§ 542.14, 542.15.

WHEREAS, according to BOP Records, Plaintiff did not submit a BP-8 relating to the treatment of his jaw, but did submit a BP-9 which was received by the BOP on April 20, 2020. (*See* Dkt. No. 38 ¶ 11, Dkt. No. 38-1.)  Defendants have proffered evidence that the Administrative Remedy Coordinator at the M.C.C. returned the BP-9 to Plaintiff notifying him that it was being rejected because he: (i) did not attempt informal resolution prior to submitting his BP-9 or otherwise failed to provide the necessary evidence of his attempt at informal resolution; and (ii) failed to request any type of remedy.  (*See* Dkt. No. 38-2 at 2.)  In his March 7, 2022, opposition, Plaintiff argues that he submitted a BP-8, BP-9 and BP-10 while detained at the M.C.C. but did not receive a response.  (Dkt. No. 43 at 1.)  Even accepting Plaintiff's

assertions as true,[1] the furthest Plaintiff has gone in exhausting his administrative remedies is submitting a BP-10.  To exhaust, Plaintiff also was required to submit a BP-11, which is the final stage of the administrative remedy process.  *See* 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal.").

WHEREAS, to the extent Plaintiff asks the Court to be excused from compliance with the PLRA's administrative exhaustion requirement (i.e., excused from submitting a BP-11), Plaintiff has not submitted sufficient evidence to warrant an exception.  The Supreme Court has explained that the PLRA contains only one circumstance excusing an inmate's obligation to exhaust his administrative remedies -- where such remedies are literally or constructively "unavailable" to the inmate.  *Ross v. Blake*, 578 U.S. 632, 642-44 (2016).  An administrative remedy is *de facto* unavailable and, thus, exhaustion is not required:  (1) where the process "operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the process is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id*.; *accord Saeli*, 36 F.4th at 453.  None of these circumstances is present here.

In his opposition, Plaintiff accuses M.C.C. officials of shredding unanswered BP-8s and BP-9s.  (*See* Dkt. No. 43 at 1.)  But even assuming the truth of these assertions, Plaintiff does not explain how this prevented him from filing a BP-11.  Prisoners are permitted to "consider the absence of a response to be a denial" of a BP-10.  *See* 28 C.F.R. § 542.18 ("If the inmate does not

---

[1]  Plaintiff's February 7, 2022, submission does not state that he filed a BP-10.  For purposes of the instant motion, the Court credits Plaintiff's March 7, 2022, filing stating that Plaintiff submitted a BP-8, BP-9 and BP-10 while at M.C.C.

receive a response within the time allotted for reply, including extension, the inmate may

consider the absence of a response to be a denial at that level."); *Carter-Mitchell v. Hastings*, No.

12 Civ. 4168, 2021 WL 8875452, at *9 (S.D.N.Y. Dec. 27, 2021) (same); *Mena v. City of New

York*, No. 13 Civ. 2430, 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016) ("[A]lthough

[p]laintiff's initial grievance received no response, this alone [was] insufficient to show that [the

process] acted as a mere dead end.").  Plaintiff's argument that it was "hard to have access to

[the] law library or a computer" during the relevant period also does not amount to the "dead

end" required under *Ross*.  (*See* Dkt. No. 41 at 1.)

      WHEREAS, Plaintiff's subsequent efforts to exhaust his administrative remedies cannot

overcome the defense that he failed to exhaust prior to filing this action on January 25, 2021.

According to Plaintiff's April 27, 2022, submission, Plaintiff filed an administrative remedy

request on January 25, 2022, submitted a BP-9 to the Warden at USP Canaan on February 1,

2022, and filed a BP-10 with the Regional Director on February 9, 2022.  (*See* Dkt. No. 52.)

Following the Regional Director's response to Plaintiff's February 9, 2022, BP-10, Plaintiff filed

a new BP-10 on March 15, 2022.  (*See id.* at 3-5.)  These efforts do not cure Plaintiff's earlier

failure to exhaust because the PLRA specifically requires a prisoner to exhaust his administrative

remedies *prior* to filing an action in court.  42 U.S.C. § 1997e(a) ("No action shall be brought

with respect to prison conditions under . . . Federal law, by a prisoner . . . *until* such

administrative remedies as are available are exhausted." (emphasis added)); *Girard v. Chuttey*,

826 F. App'x 41, 44 (2d Cir. 2020) (summary order) (affirming dismissal of prisoner's claim

where he failed to exhaust administrative remedies prior to filing suit).  Here, it is undisputed that

Plaintiff did not file a BP-11 before commencing the action.  Accordingly, it is hereby

ORDERED that Defendant Joaquin's motion for summary judgment is **GRANTED** due to Plaintiff's failure to exhaust his administrative remedies prior to filing this action.

The Clerk of Court is respectfully directed to mail a copy of this Order to Pro se Plaintiff, to close the motion at Dkt. No. 36 and to close the case.

Dated:  August 24, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7